## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

United States of America,

     v.

James Letko,

        Defendant,

Jon Letko,

        Petitioner.

Case No. 19-20652
Honorable David M. Lawson

_____/

## VERIFIED PETITION OF JON LETKO TO
## ADJUDICATE HIS INTEREST IN ASSETS

NOW COMES Petitioner, Jon Letko, by and through his attorneys Rubin Frampton, PLLC, for his Petition to Adjudicate His Interest in Assets and states the following upon information and belief:

1.    Petitioner is the owner and managing member of Global Healthcare Management, LLC, US Medical, LLC, Woods Pharmacy, LLC and Keystone Choice Pharmacy, LLC. These entities own the bank accounts from which the funds were seized by the government.

2.    On August 23, 2022, Defendant, James Letko pled guilty to Conspiracy to Commit Healthcare Fraud and Health Care Fraud in violation of 18 U.S.C.§1349

and 18 U.S.C. §§1347. [ECF no. 210]. Petitioner Jon Letko is the brother of Defendant James Letko.

3.    On January 10, 2023, this Court entered the Preliminary Order of Forfeiture extinguishing Defendant James Letko's ownership interest in the seized assets. [ECF no. 241]. On February 3, 2023, Petitioner received Notice of Preliminary Order of Forfeiture.

4.    Petitioner Jon Letko is owner and managing member of the LLCs and claims 100% interest in the following assets set forth in the Preliminary Order of Forfeiture:

   a.    $125,865.07 in funds from account ending in 6011 at Signature Bank, held in the name of Global Healthcare Management, LLC.;

   b.    $97,539.03 in funds from account ending in 3045 at Signature Bank, held in the name of US Medical, LLC.;

   c.    $24,668.04 in funds from account ending in 5147 at Signature Bank, held in the name of Woods Pharmacy, LLC.;

   d.    $421,259.26 in funds from account ending in 6003 at Signature Bank, held in the name of Global Healthcare Management, LLC.; and

   e.    $48,745.36 in funds from account ending in 3157 at Signature Bank held in the name of Keystone Choice Pharmacy, LLC.

(hereinafter collectively "Signature Bank Accounts")

5.     All of the LLCs that own the bank accounts listed in paragraph 4 above are owned by Petitioner (he is also managing member) and none of the LLCs are or ever were owned by Defendant Letko. Despite this, the government seized the Signature Bank Accounts when it seized numerous other assets owned by Defendant Letko.

6.     There is no basis for the government to seize the funds in the Signature Bank Accounts. Even if some funds were transferred from a Defendant Letko owned entity to the Petitioner's entities into the Signature Bank Accounts, all transactions were for the legitimate sale of product or services by Petitioner and his companies.

7.     Petitioner is the managing member of Global Healthcare Management, LLC the owner of two accounts ending in nos. 6011 and 6003. Global was established in 2012 for business services which include software development. *See* Exhibit A.

8.     Petitioner is the sole and managing member of the two LLCs that own US Medical, LLC, namely, Letko Holdings LLC and Letko Investments. US Medical, LLC was established in 2009 and sells medical equipment and supplies. *See* Exhibit B.

9.     Petitioner is the sole and managing member of the entity, US Healthcare Pharmacy, LLC. that owned Woods Pharmacy, LLC. US Healthcare

3

Pharmacy, LLC., is owned by Jon Letko individually and Letko Asset Management, LLC. Woods Pharmacy was established in 2013 and it is a pharmacy. *See* Exhibit C.

10.     Petitioner is the sole member of Keystone Choice Pharmacy, LLC. It was established in 2015 and it is a pharmacy. *See* Exhibit D.

11.     In an ancillary proceeding in a criminal forfeiture case, a third-party petitioner must establish a legal interest in a particular asset and that he has an interest superior to any interest of the government. 21 U.S.C. § 853(n)(2) and (6)(A).

12.     21 U.S.C. §853(n)(6)(A) provides:

(6) If, after the hearing, the court determines that the petitioner has established by a preponderance of the evidence that—

(A) the petitioner has a legal right, title, or interest in the property, and such right, title, or interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the petitioner rather than the defendant or was superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under this section;. . ..

*Id.* See also United States v. Campos, 859 F.2d 1233, 1236 (6th Cir. 1988).

13.     Here, the government seized five bank accounts held at Signature Bank and owned 100% by Petitioner through his ownership and membership in the LLCs that own the Accounts. None of the LLCs are or ever were owned by Defendant Letko and none are connected to any ill-gotten gains related to Defendant Letko or his entities.

14.     Petitioner has an ownership interest in the five seized Signature Bank

4

Accounts that vested in him and not the Defendant. Petitioner has a legal right to the Signature Bank Accounts that is superior to the claim of the government.

15.     Therefore, pursuant to 21 U.S.C. §853(n)(6)(A), because Petitioner has a legal right, title and/or interest recognized by law to the funds in the Signature Accounts Bank, the Accounts should be returned to him, plus any interest accrued since their seizure.

WHEREFORE, Petitioner, Jon Letko, seeks to have his interest and the interest of his business entities that own the Signature Bank Accounts adjudicated by the Court.

I declare, under penalty of perjury, that the facts contained in this Petition are true to the best of my ability and information.

Jon Letko, individually and as
Managing member of:
Global Healthcare Management, LLC.
Woods Pharmacy, LLC.
US Medical, LLC.
Keystone Choice Pharmacy, LLC.

Respectfully Submitted,

Rubin Frampton
Jorin G. Rubin (P60867)
Attorney for Petitioner
600 S. Adams Road, Ste. 300
Birmingham, Michigan 48009
(248)-799-9100

5