UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                         Case Number 23-50301

v.                                              Honorable David M. Lawson

JAMES LETKO,

        Defendant,

JON LETKO,

        Petitioner.
_____/

**ORDER RESOLVING ANCILLARY PROCEEDING
AND FORFEITING PROPERTY TO THE UNITED STATES**

On March 6, 2023, petitioner Jon Letko filed his petition in this miscellaneous matter to resolve competing claims to certain property for which the United States sought a judgment of forfeiture in connection with the criminal proceedings in *United States v. James Letko*, No. 19-20652 (E.D. Mich.). On May 1, 2023, the parties filed a stipulation to resolve the claims in this matter and to relinquish to petitioner Jon Letko the following subject property held in accounts at Signature Bank in New York City, New York:

1. $125,865.07 in funds from account number ******6011;

2. $97,539.03 in funds from account number ******3045;

3. $24,668.04 in funds from account number ******5147;

4. $421,259.26 in funds from account number ******6003; and

5. $48,745.36 in funds from account number ******3157.

The parties agree that their stipulation resolves all of the competing claims in this matter, and they consent to the termination of this miscellaneous proceeding.

Accordingly, pursuant to the stipulation of the parties (ECF No. 7), and under the authority of 21 U.S.C. § 853(n) and Rule 32.2 of the Federal Rules of Criminal Procedure, all of the following is **ORDERED**:

1. The following property shall be **FORFEITED** to the United States, pursuant to 18 U.S.C. § 982(a)(7), and 18 U.S.C. § 981(a)(1)(C) as incorporated by 28 U.S.C. § 2461(c), along with any and all accrued interest:

    a. $210,629.63 of the $421,259.26 in funds from account number ******6003 at Signature Bank, New York City, NY; and

    b. $48,769.52 of the $97,539.03 in funds from account number ******3045 at Signature Bank, New York City, NY.

Any right, title or ownership interest possessed by the petitioner and any of his agents, successors and assigns in the forfeited currency, and any right, title or ownership interest of any and all other persons in the forfeited currency hereby and forever is **EXTINGUISHED**, and clear title to the forfeited currency shall **VEST** in the United States.  The United States Marshals Service or its delegate is **AUTHORIZED** to dispose of the forfeited currency according to law.

2. The following property shall be **RETURNED** to petitioner Jon Letko:

    a. $125,865.07 in funds from account number ******6011 at Signature Bank, New York City, NY;

    b. $24,668.04 in funds from account number ******5147 at Signature Bank, New York City, NY;

    c. $48,745.36 in funds from account number ******3157 at Signature Bank, New York City, NY;

    d. $210,629.63 of the $421,259.26 in funds from account number ******6003 at Signature Bank, New York City, NY; and

    e. $48,769.51 of the $97,539.03 in funds from account number ******3045 at Signature Bank, New York City, NY.

The currency returned shall be less any debt owed to the United States, any agency of the United States, or any other debt which the United States is authorized to collect from the petitioner, including but not limited to, any debts that the United States may collect from the petitioner through the Treasury Offset Program.

3. Following the entry of this order by the Court, and the separate entry of a stipulated order to amend the preliminary order of forfeiture and final order of forfeiture in the criminal case, and after the petitioner's attorney has supplied the United States with the petitioner's Tax Identification Number and the Automated Clearing House information for electronic deposit of the returnable currency, the United States Marshals Service, or its delegate, shall disburse without delay the returnable currency to the petitioner through the Electronic Payment System by electronic deposit into the IOLTA account of petitioner's attorney.

4. Consent to entry of this order does not constitute an admission of wrongdoing by the petitioner or any other party except as otherwise expressly provided herein.

5. The parties shall bear their own costs and attorneys' fees in this action and in any subsequent proceedings to enforce this order.

6. The Clerk of Court shall **CLOSE** this miscellaneous matter.

7. The Court shall retain jurisdiction to enforce this order.

                                                                 s/David M. Lawson  
                                                                 DAVID M. LAWSON  
                                                                 United States District Judge

Dated: May 10, 2023